NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

KYMBAL LE'MITRE BROWN, *Appellant*.

No. 1 CA-CR 17-0548
FILED 6-7-2018

Appeal from the Superior Court in Mohave County
No. S8015CR201501564
The Honorable Richard D. Lambert, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Jennifer M. Perkins joined.

---

J O H N S E N, Judge:

¶1         Kymbal Le'Mitre Brown timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following his conviction of robbery, a Class 4 felony.  Brown's counsel has searched the record on appeal and found no arguable question of law that is not frivolous.  *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530 (App. 1999).  Brown was given the opportunity to file a supplemental brief but did not do so.  Counsel now asks this court to search the record for fundamental error.  After reviewing the entire record, we affirm Brown's conviction and sentence.

**FACTS AND PROCEDURAL BACKGROUND**

¶2         Close to midnight on December 17, 2015, Brown entered a department store in Bullhead City.[1]  He headed to the electronics department, took a laptop computer from the shelf and placed it on the bottom rack of his shopping cart.  Brown then went to the women's department, where a store employee noticed the laptop in the cart with a security device still attached.  The store had a policy that at that time of night, customers were required to pay for all electronics in the electronics department.  Because the computer box still bore a security device, the employee knew the item had not been paid for.

¶3         Brown then proceeded through an area of closed registers and headed to the front door.  The employee ran after Brown, grabbed the shopping cart and asked him if he had a receipt for the computer.  Brown yanked the shopping cart, causing the laptop to slide out the front door of the store, where the employee picked it up.  Brown then punched the employee in the shoulder, grabbed the laptop and ran to an SUV driven by his fiancée.  Some customers and two other store employees gave chase, but

---

[1]     Upon review, we view the facts in the light most favorable to sustaining the jury's verdict and resolve all inferences against Brown.  *See State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

as Brown got into the vehicle, he pulled out a knife and told everyone to "get back," and he and his fiancée drove away. A Bullhead City police officer stopped the SUV a short time later and arrested Brown. In the SUV, officers found the laptop and a plastic knife matching descriptions given by the witnesses.

**¶4** After a two-day trial at which Brown was not present, a jury convicted him of robbery. The State did not allege any aggravating factors or prior convictions. At sentencing, the court found the offense non-dangerous and non-repetitive, and sentenced Brown to a mitigated sentence of 1.75 years, with 58 days' presentence incarceration credit.

**¶5** Brown timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1) (2018), 13-4031 (2018) and -4033 (2018).[2]

## DISCUSSION

**¶6** The record reflects Brown received a fair trial. He was represented by counsel at all stages of the proceedings against him.

**¶7** The court did not err in finding Brown was voluntarily absent from trial and proceeding without him. "The court may infer that a defendant's absence is voluntary if the defendant had actual notice of the date and time of the proceeding, notice of the right to be present, and notice that the proceeding would go forward in the defendant's absence." Ariz. R. Crim. P. 9.1. Brown's attorney had advised him of the trial date and time, and the court had admonished him to be present at all proceedings and had warned him that if he failed to appear, the trial could proceed in his absence.

**¶8** The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was properly comprised of eight members. The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict. The jury returned a unanimous verdict.

**¶9** The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed a legal sentence for the crime of which Brown was convicted.

---

[2] Absent material revision after the date of an alleged offense, we cite a statute's current version.

## CONCLUSION

**¶10**      We have reviewed the entire record for an arguable issue and find none, and therefore affirm the conviction and resulting sentence. *See Leon*, 104 Ariz. at 300.

**¶11**      Defense counsel's obligations pertaining to Brown's representation in this appeal have ended. Counsel need do no more than inform Brown of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Brown has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Brown has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA